WMN:JDL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

M09-0030

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ARTURO TORRES LOPEZ,
    also known as "Gordo,"

    Defendant.

COMPLAINT IN SUPPORT
OF ARREST WARRANT

(T. 21, U.S.C., § 846)

- - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

    MICHAEL J. FERNANDEZ, being duly sworn, deposes and states that he is a Special Agent of United States Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such.

    Upon information and belief, in or about and between March 2007 and September 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ARTURO TORRES LOPEZ, also known as "Gordo," did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing one kilogram or more of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a).

    (Title 21, United States Code, Section 846.)

2

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.  At a meeting on or about March 3, 2009, Cooperating Witness #1 ("CW-1") stated, in sum and substance, that, in the spring or summer of 2007, he or she purchased three kilograms of heroin from the defendant ARTURO TORRES LOPEZ, whom CW-1 believed to reside in Texas.  CW-1 further stated, in sum and substance, that LOPEZ traveled from Texas to a residence in the Eastern District of New York to oversee the transportation and sale of the heroin.  CW-1 further stated, in sum and substance, that the heroin was transported to New York by two other co-conspirators in a vehicle outfitted with a trap.  CW-1 further stated, in sum and substance, that, upon the arrival of the heroin, LOPEZ and CW-1 began to dilute and package the heroin for further distribution with the assistance of other co-conspirators.  This information was corroborated by two additional cooperating witnesses ("CW-2" and "CW-3"), as discussed below.[2]

2.  On or about May 7, 2009, CW-1 examined an array of six photographs and identified a photograph of ARTURO TORRES

---

[1]  Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

[2]  CW-1, CW-2, and CW-3 face federal narcotics charges and are cooperating with the government in hopes of receiving a lesser sentence.

3

LOPEZ as "Gordo AKA Arturo." An ICE special agent obtained this photograph from a driver license photograph database maintained by the Texas Department of Public Safety.

3. At a meeting on or about May 13, 2009, CW-2 stated, in sum and substance, that he or she assisted LOPEZ (whom he or she knew as "El Gordo"), CW-1, and other co-conspirators in the diluting and packaging of the heroin.

4. On or about June 28, 2009, CW-2 examined another copy of the same array of six photographs and identified the photograph of ARTURO TORRES LOPEZ as "El Gordo."

5. At a meeting on or about May 9, 2009, COOPERATING WITNESS #3 ("CW-3") stated, in sum and substance, that he or she arrived and observed ARTURO TORRES LOPEZ, CW-1, CW-2, and other co-conspirators diluting and packaging the heroin.

6. On or about June 3, 2009, CW-3 examined another copy of the same array of six photographs and identified the photograph of ARTURO TORRES LOPEZ as "Gordo a.k.a. Arturo Lopez."

7. Notably, none of three cooperating witnesses was aware of the cooperation of the other cooperating witnesses at the time that they made their statements.

4

WHEREFORE, your deponent respectfully requests that the defendant ARTURO TORRES LOPEZ, also known as "Gordo" be dealt with according to law.

_____
MICHAEL J. FERNANDEZ
Special Agent
U.S. Immigration and
Customs Enforcement

Sworn to before me this
24th day of September, 2009